IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Saria Walker, | ) | |
| | ) | C.A. No. 6:23-3544-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Greenville County Clerk of Court, | ) | |
| Thirteenth Circuit Solicitor's Office, | ) | |
| | ) | |
| Defendants. | ) | |

      This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Saria Walker ("Walker"), proceeding pro se, alleges Constitutional violations and violations of federal statutes. In his Report and Recommendation filed on August 11, 2023, Magistrate Judge McDonald recommends dismissing Walker's claims without prejudice, without leave to amend, and without issuance and service of process. (R&R, generally, ECF No. 14.)

      Walker timely filed objections to the Report and Recommendation.[2] (Objs., generally, ECF Nos. 16, 18.) Objections to the Report and Recommendation must be specific. A report

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] See Houston v. Lack, 487 U.S. 266 (1988).

and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

    Upon review, the court is unable to reasonably discern any specific objections to the findings or recommendations in the report and recommendation and finds that Walker's objections are non-specific and unrelated to the dispositive portions of the magistrate judge's Report and Recommendation. Accordingly, after review, Walker's objections are without merit. Further, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Walker's claims are dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
August 25, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3